## Samuel *v.* Boldt et al., Appellants.

*Landlord and tenant—Leases—Hotels—Month to month lease—Eviction.*

One who rents a room in a hotel does not acquire the right to use the office of the hotel for advertising purposes, and the refusal of the management to permit him to put up signs in the places of public resort in the hotel is not an interference with the beneficial enjoyment of his room, in the absence of a special contract with regard to such matter.

In an action of trespass to recover damages because of the wrongful eviction of the plaintiff from a room in a hotel, it is reversible error not to give binding instructions for the defendant, where the evidence established that the plaintiff had leased from the defendant a room in the hotel, by the day, for a period of not longer than one month; that it was not to be used as a millinery display

in the hotel but as a temporary accommodation for lessee's private trade, and that although she occupied the room for more than a month she paid rent for only the first week, and used the room for a purpose provided against in the contract.

Argued November 17, 1920. Appeal, No. 239, Oct. T., 1920, by defendants, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1915, No. 3948, on verdict for the plaintiff in the case of Laura Samuel v. George C. Boldt, Jr., and Clover Boldt Miles, Executors of the will of George C. Boldt, deceased, substituted for George C. Boldt, trading as George C. Boldt & Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Trespass to recover damages for the wrongful eviction of plaintiff as tenant. Before McMICHAEL, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $1,500 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*Harold J. Beitler,* for appellant.

*Isaac Hassler,* for appellee.

OPINION BY PORTER, J., July 14, 1921:

The form of this action is trespass and the alleged cause the wrongful eviction of plaintiff as tenant. The plaintiff had alleged in her statement that she had, on or about October 1, 1915, entered into an oral agreement with the duly authorized agent of George C. Boldt, whereby the said Boldt leased to the plaintiff apartment No. 411 of the Bellevue-Stratford Hotel, to be used as a millinery shop during the months of October, November and December, 1915, and January and February, 1916;

that defendant agreed to permit the plaintiff to place large placards announcing the opening of the "Millinery Salon" in and about the said hotel; that plaintiff entered into possession of the said apartment, on October 6, 1915, under said agreement, that on October 14th the defendant, by his agents, refused to permit and prevented the plaintiff from operating said millinery shop, and did refuse to permit the public display of the placards announcing the business about the hotel and did remove said placards from public display, and that the defendant did finally, on November 12, 1915, dispossess the said plaintiff and evicted her from the said Bellevue-Stratford Hotel. The plaintiff recovered a verdict and judgment in the court below and the defendants appealed.

The burden was on the plaintiff to show a wrongful eviction. The fact that George C. Boldt was dead may have added to the difficulty of the plaintiff in discharging that burden, but the rights of the parties must be determined from the evidence produced at the trial in the court below. The plaintiff called as a witness Lawrence Maresch, who as assistant manager of the Bellevue-Stratford, had represented the defendant in making the arrangement under which plaintiff had acquired whatever rights she possessed to occupy the room in the hotel. He was the only witness who testified as to the nature of that agreement. He testified that, shortly before October 6, 1915, the plaintiff wanted the use of a room for a short time to retain some of her millinery trade which she was afraid of losing on account of not having a place to go; that he agreed to "rent her a room by the day for a no longer period than one month, in which time she might be able to find some other quarters"; that it was not to be a millinery display in the hotel, that it was so that she might be able to have a place for her private trade to come during the period of her hunting other quarters; and that the rate was to be $7.50 a day, bills payable weekly. He testified unequivocally that there was nothing said in the agreement in relation to the dis-

play of signs about the hotel. He testified that the plaintiff, after she had taken possession of the apartment, had caused signs to be put up in the lobby of the hotel, which had remained up for about two days, when they were taken down by the management of the hotel; and that no signs were allowed by any one having rooms above the first floor. The witness testified that he "tried to induce her (the plaintiff) to find another place shortly, because she was in arrears in payment of her bill, and that he begged her to find other quarters shortly." He testified that the management of the hotel did not press the plaintiff; that an extension of time was allowed her before she finally left, and that so far as he knew she did business at the apartment until she left. The plaintiff continued to occupy the room until the 12th of November, 1915, and it is an undisputed fact that she only paid rent for that occupancy down to October 14th. There was no evidence that the management of the hotel had in any way interfered with the use of the room by the plaintiff or had attempted to interfere with customers desiring to visit her or had threatened to evict her by legal process or otherwise. It was not until after the expiration of one month, that she was given notice that she must leave the room, which according to the testimony she had rented "by the day for a no longer period than one month." Miss Murphy, a witness called by plaintiff, testified as follows: "I am not quite sure whether it was the 12th or 11th of November that Mr. Frazier (the manager of the hotel) came up and said that we would finally have to go, and we went."

There was no evidence presented which would have warranted a finding that the defendant or his agents had interfered with the plaintiff's beneficial enjoyment of any right connected with the occupancy of the room acquired under the contract established by the evidence. What the plaintiff asserted in her statement was that her business had been interfered with by the refusal of the defendant to permit her to put up signs, or other ad-

vertising matter, in the lobby and ladies dressing rooms of the hotel. It probably would have been of advantage to the plaintiff to use the places of public resort in the hotel for advertising purposes, but that was a thing which, under the terms of her contract, she had not acquired the right to do. It was something distinct from the mere right to occupy a room on the fourth floor of the hotel. One who rents a room in an hotel does not acquire the right to use the office of the hotel for advertising purposes, and the refusal of the management to permit him to put up signs in the places of public resort in the hotel is not an interference with the beneficial enjoyment of his room, in the absence of a special contract with regard to the matter. The point submitted by the defendants requesting binding instructions in their favor ought to have been affirmed and their motion for judgment in their favor should have prevailed.

The judgment is reversed and the record is remitted to the court below with direction to enter judgment in favor of the defendants non obstante veredicto.